IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WONNE ROBINSON, | ) | |
| AIS #192663, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-CV-539-WKW |
| | ) | (WO) |
| | ) | |
| KAY IVEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Wonne Robinson, a state inmate incarcerated at the Donaldson Correctional Facility.  In this complaint, Robinson complains that correctional officials at Donaldson failed to protect him from attack by another inmate on January 11, 2019.

Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404(a).[1]

---

[1]Upon initiation of this civil action, Robinson filed an application for leave to proceed *in forma pauperis*. Doc. 2.  However, under the circumstances of this case, the court finds that a ruling on such application, including assessment and collection of any filing fee, should be undertaken by the United States District Court for the Northern District of Alabama.

## II.  DISCUSSION

A 42 U.S.C. § 1983 "civil action may be brought in — (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]"  28 U.S.C. § 1404(a).

The Donaldson Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  Thus, the action about which Robinson complains occurred at a prison located in the Northern District of Alabama.  Moreover, it is clear from the complaint that the majority of material witnesses reside in the Northern District of Alabama and also that the evidence associated with the pending claim is located in the jurisdiction of that court.  Although by virtue of their positions as Governor of the State of Alabama and Commissioner of the Alabama Department of Corrections defendants Kay Ivey and Jefferson Dunn reside in the Middle District of Alabama, they are nonetheless subject to service of process throughout the State and commonly defend suits in all federal courts of this state.

In light of the foregoing and in accordance with applicable federal law, the court concludes that in the interest of justice, this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[2]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama in accordance with the provisions of 28 U.S.C. § 1404(a).

The plaintiff may file objections to the Recommendation on or before **August 14, 2019**.  Any objection by the plaintiff must specifically identify the findings in the Recommendation to which he objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

The plaintiff is advised that failure to file written objections to the proposed findings and recommendations set forth in this document will bar a *de novo* determination by the District Court of factual findings and legal issues covered in the Recommendation and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*,

---

[2]In transferring this case, the court makes no determination with respect to the merits of the claim presented in the complaint.

996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 31st day of July, 2019.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE